JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

16-cv.2005

16    2005

## I. (a) PLAINTIFFS

Gale Sayers, Lem Barney, Thomas Brookshier, Thomas Vaughn, Jerry Rush, Kenneth Callicutt, and Eric Hippie

## DEFENDANTS

Hausfeld, LLP; Zimmerman Reed, LLP; Locks Law Firm, LLC; Bondurant, Mixson, & Elmore, LLP; and Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Arthur D. Goldman; Shawn M. Rodgers; Law Office of Arthur Goldman, LLC; 1800 E. Lancaster Avenue, Suite M; P.O. Box 115; Paoli, PA 19301; Main Tel: (484) 343-3985; Fax: (610) 296-7730

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☒ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|                                          | PTF | DEF |                                                          | PTF | DEF |
|------------------------------------------|-----|-----|----------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State                 | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country  | ☒ 3 | ☐ 3 | Foreign Nation                                           | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|---|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | ☐ 690 Other | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C.A. § 1332(a)(1); Declaratory Judgment Act, 28 U.S.C.A. § 2201 and 2202

Brief description of cause:
Dec. Action as to any attorney's liens by Defendants against individual monetary awards under Settlement.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE  Hon. Anita B. Brody   DOCKET NUMBER  14-cv-00029-AB

DATE
April 26, 2016

SIGNATURE OF ATTORNEY OF RECORD
*Arthur D. Goldman*   *Shawn M. Rodgers*

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

APR 27 2016

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**16    2005**

Address of Plaintiff: See Complaint; Plaintiffs are from multiple states including Illinois, Michigan, Ohio, and Arizona

Address of Defendant: See Complaint; Defendants are from multiple states including DC, Pennsylvania, Minnesota, and Georgia

Place of Accident, Incident or Transaction: This Declaratory Judgment Action arises out of a Settlement Agreement that was signed and
*(Use Reverse Side For Additional Space)*
approved by the District Court in the Eastern District of PA (as well as the Third Circuit) at 14-cv-00029-AB

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes ☐  No ☑
No, upon information and belief.

Does this case involve multidistrict litigation possibilities?      Yes ☐  No ☐ (possible)

*RELATED CASE, IF ANY:*
Case Number: 14-CV-00029-AB    Judge Hon. Anita Brody    Date Terminated: April 22, 2015 / settlement

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☑  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☑  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
    (Please specify) Declaratory Judgment in re Settlement Agreement

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Arthur D. Goldman, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of
$150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: April 26, 2016    _____    56983
                        Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: April 26, 2016    _____    56983 APR 27 2016
                        Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Gale Sayers , et al.                 :        CIVIL ACTION

           v.                 :

Hausfeld, LLc ; Zimmerman     :        **16     2005**

Reed, et al.                                 NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special         (X)
    management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( )

April 26, 2016      Arthur D. Goldman      Plaintiffs
**Date**              **Attorney-at-law**          **Attorney for**

(484)343-3985      (610)296-7730      agoldman@arthurgoldmanlaw.co
**Telephone**              **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

APR 27 2016

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **GALE SAYERS, LEM BARNEY,** | ) | |
| **THOMAS SKLADANY, THOMAS VAUGHN,** | ) | |
| **JERRY RUSH, KENNETH CALLICUTT,** | ) | |
| **and ERIC HIPPLE,** | ) | **Civil Action No._____** |
| | ) | |
| **Plaintiffs.** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HAUSFELD, LLP, ZIMMERMAN REED LLP,** | ) | |
| **LOCKS LAW FIRM, LLC and BONDURANT,** | ) | |
| **MIXSON, & ELMORE, LLP, POPE,** | ) | |
| **McGLAMRY, KILPATRICK, MORRISON &** | ) | |
| **NORWOOD, P.C.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Gale Sayers, Lem Barney, Thomas Skladany, Thomas Vaughn, Jerry Rush, Kenneth Callicutt, and Eric Hipple for their Complaint against Defendants Hausfeld, LLP, Zimmerman Reed, LLP, Locks Law Firm, LLC, Bondurant, Mixson, & Elmore, LLP, and Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C., allege as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs bring this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 for declaratory judgment regarding attorney's liens that have been or will be asserted by Defendant law firms against the proceeds of their individual monetary awards under the National Football League ("NFL") Concussion Settlement Agreement ("Settlement Agreement").  This action is verified by sworn statements of the Plaintiffs attached hereto as Exhibit 1.

2.     Plaintiffs were each previously represented by one of Defendant law firms in the NFL concussion class action litigation, but terminated their attorney-client relationship with the Defendant law firms many months ago and due to dissatisfaction for various reasons, are now represented by Cummings, McClorey, Davis, & Acho, P.L.C., a Michigan law firm, ("CMDA") to handle their <u>individual</u> monetary award claims under the Settlement Agreement, which is separate from the class action.

3.     After Plaintiffs terminated services of their respective law firms, Defendant law firms have asserted attorney's liens, have threatened to assert attorney's liens, or may assert attorney's liens against Plaintiffs' individual monetary award proceeds from the Settlement Agreement, which would unjustly enrich Defendants at Plaintiffs' expense.

4.     Upon information and belief, Defendant law firms' efforts on Plaintiffs' cases have been expended exclusively in furtherance of the NFL concussion class action litigation for which some of Defendant law firms will be richly compensated. But, based on information and belief, Defendant law firms have made no substantive efforts in furtherance of Plaintiffs' <u>individual</u> monetary award claims under the Settlement Agreement, which is why Plaintiffs terminated the relationships with the Defendant firms.

5.     CMDA has diligently expended significant time and effort to further Plaintiffs' <u>individual</u> monetary award claims including sending Plaintiffs to neurologists and neuropsychologists for evaluation, reviewing medical records, evaluating potential claims with doctors, preparing documents for claim packages, communicating with physicians, and communicating with clients regarding their individual claims.  As a result, only CMDA should be entitled to any fee on recovery of the individual Plaintiff claims.

6.      Plaintiffs request a declaratory judgment as to the rights of the parties with respect to any attorney's liens asserted by Defendant law firms against their individual monetary award proceeds under the Settlement Agreement.

## THE PARTIES

7.      Plaintiff Gale Sayers is an Illinois resident and retired NFL player who played in the NFL for seven seasons with the Chicago Bears from 1965 to 1971.

8.      Plaintiff Lem Barney is a Michigan resident and retired NFL player who played for eleven seasons with the Detroit Lions from 1967 to 1977.

9.      Plaintiff Thomas Skladany is an Ohio resident and retired NFL player who played in the NFL for six seasons, playing for both the Detroit Lions and the Philadelphia Eagles from 1978 to 1982.

10.      Plaintiff Thomas Vaughn is an Arizona resident and retired NFL player who played seven seasons in the NFL for the Detroit Lions from 1965 to 1971.

11.      Jerry Rush is a Michigan resident and retired NFL player who played six seasons for the Detroit Lions from 1965 to 1971.

12.      Kenneth Callicutt is a Michigan resident and retired NFL player who played five seasons for the Detroit Lions from 1978 to 1982.

13.      Eric Hipple is a Michigan resident and retired NFL player who played nine seasons for the Detroit Lions from 1980-1989.

14.      Upon information and belief, Defendant Hausfeld, LLP is a District of Columbia limited liability partnership having a principal place of business at 1700 K Street NW, Suite 650, Washington, D.C. 20006.

15.     Upon information and belief, Defendant Zimmerman Reed, LLP is a Minnesota limited liability partnership having a principal place of business at 1100 IDS Center, 80 South 8th Street, Minneapolis, MN 55402.

16.     Upon information and belief, Defendant Locks Law Firm, LLC is a Pennsylvania limited liability corporation having a principal place of business at 601 Walnut Street, Suite 720, East Philadelphia, PA 19106.

17.     Upon information and belief, Defendant Bondurant, Mixson & Elmore, LLP, is a Georgia limited liability partnership having a principal place of business at 1201 West Peachtree Street NW, Suite 3900, Atlanta, GA 30309.

18.     Upon information and belief, Defendant Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. is a Georgia professional corporation having a principal place of business at 3391 Peachtree Road, Suite 300, Atlanta GA 30326.

## VENUE AND JURISDICTION

19.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the parties have diversity of citizenship and the amount in controversy exceeds $75,000.

20.     Jurisdiction is also proper in this Court pursuant to the Settlement Agreement, Article XXVI, Section 27.1 as an action arising out of or relating to the NFL Concussion Settlement Agreement.

21.     This Court has personal jurisdiction over Defendant Hausfeld, LLP because upon information and belief, Defendant Hausfeld, LLP has had continuous and systematic contacts with Pennsylvania in the litigation of the NFL Concussion Settlement, has purposely directed its activities at Pennsylvania through its former representation of Plaintiffs Lem Barney and Gale Sayers, and this declaratory action arises out of its activities in Pennsylvania.

4

22.     This Court has personal jurisdiction over Zimmerman Reed, LLP because upon information and belief, Zimmerman Reed, LLP has had continuous and systematic contacts with Pennsylvania in the litigation of the NFL Concussion Settlement, has purposely directed its activities at Pennsylvania through its former representation of Plaintiffs Jerry Rush and Thomas Vaughn, and this declaratory action arises out of its activities in Pennsylvania.

23.     This Court has personal jurisdiction over Locks Law Firm, LLC because upon information and belief, Locks Law Firm, LLC is a Pennsylvania limited liability company and has had continuous and systematic contacts with Pennsylvania in the litigation of the NFL Concussion Settlement through its former representation of Plaintiff Thomas Skladany, and this declaratory action arises out of its activities in Pennsylvania.

24.     This Court has personal jurisdiction over Bondurant, Mixson & Elmore, LLP because upon information and belief, Bondurant, Mixson & Elmore, LLP has had continuous and systematic contacts with Pennsylvania in the litigation of the NFL Concussion Settlement, has purposely directed its activities at Pennsylvania through its former representation of Plaintiff Kenneth Callicutt, and this declaratory action arises out of its activities in Pennsylvania.

25.     This Court has personal jurisdiction over Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. because upon information and belief, Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. has had continuous and systematic contacts with Pennsylvania in the litigation of the NFL Concussion Settlement, has purposely directed its activities at Pennsylvania through its former representation of Plaintiff Eric Hipple, and this declaratory action arises out of its activities in Pennsylvania.

26.     Venue is proper under 28 U.S.C. § 1391(b)(3) in this District because Defendants are subject to personal jurisdiction in this District.

27.     Venue is also proper in this District under the terms of the Settlement Agreement, Article XXVII, Section 27.1 as an action arising out of or relating to the NFL Concussion Settlement Agreement.

28.     This Court has jurisdiction to declare the rights and legal relations of the parties regarding the enforcement of attorney's liens against monetary award proceeds under the Settlement Agreement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

29.     There exists a case or controversy between Plaintiffs and Defendants regarding the enforceability of attorney's liens against Plaintiffs' individual monetary award proceeds under the Settlement Agreement.

## GENERAL ALLEGATIONS

30.     A number of retired NFL players experienced head trauma during their NFL football playing careers that resulted in significant brain injuries.

31.     Many of these retired NFL players brought suit against the NFL for the brain injuries they suffered as a result of their NFL participation assisted by many different law firms.

32.     These suits were consolidated into a class action lawsuit against the NFL in the Eastern District of Pennsylvania presided over by Judge Anita Brody.

33.     Many retired NFL players engaged the services of attorneys and law firms as part of the initial class action litigation against the NFL.

34.     As a result of the class action litigation, the parties negotiated a Settlement Agreement between the retired players and the NFL.  The Third Circuit Court of Appeals upheld this Court's approval of the Settlement Agreement on April 18, 2016.

35.     The Settlement Agreement provides for attorney fees and reasonable costs for class counsel not to exceed one hundred and twelve million, five hundred thousand ($112,500,000).

36.     The Settlement Agreement provides for compensation and programs for retired NFL players including monetary awards, baseline neurological testing, and educational programs.

37.     Once the Settlement Agreement is effective, class members may file separate, individual claims under the Settlement Agreement for monetary awards to compensate their injuries sustained during their participation in the NFL and may receive monetary awards if they meet the criteria listed in the Settlement Agreement.

38.     These individual monetary award claims are separate from the NFL concussion class action litigation and require a separate claim process and document submission with the Claims Administrator of the Settlement Agreement.

39.     Plaintiffs in this case each retained the services of one of Defendant firms during the NFL concussion class action litigation and settlement negotiations.

40.     Upon information and belief, Defendant firms completed work on behalf of the respective Plaintiffs for the NFL concussion class action litigation only.

41.     Upon information and belief, Defendant law firms have not only not completed substantive work, but have not advanced the Plaintiffs' individual claims for monetary awards under the Settlement Agreement.  As a result, some class action claimants terminated the services of Defendant firms to sign with law firms that would work to further their individual claims.

42.     Plaintiffs have terminated Defendant law firms and engaged the services of CMDA to represent them for their individual claims for monetary awards under the Settlement Agreement.

43.     Cummings, McClorey, Davis & Acho, P.L.C. (CMDA, PLC) of Michigan has represented retired NFL players for four decades; James Acho of CMDA has been Lem Barney's personal attorney since 2001 and has been the attorney for the Detroit Chapter of the NFL Alumni Association for more than a decade.  Acho is known for his work on behalf of ex-Detroit Lions.

7

All of these Plaintiffs, except Sayers, are ex-Detroit Lions.  Sayers had dealt with Acho in contract negotiations with his software company in the mid-2000's.  All of the Plaintiffs sought out Acho and CMDA to handle their <u>individual</u> claims, which Acho and CMDA have now done.

44.     Despite Acho and CMDA doing <u>all the work</u> to set up Plaintiff's individual claims, Defendant law firms have now asserted attorney's liens, threatened to assert attorney's liens, or may assert attorney's liens against Plaintiffs' individual claims for monetary awards under the Settlement Agreement.  Defendants would seek to unjustly enrich themselves by wrongfully "double dipping" on Plaintiffs for attorney fees!

45.     Plaintiffs seeks a declaratory judgment regarding the rights of the parties as to any attorney's liens asserted by Defendant law firms against their individual monetary awards under the Settlement Agreement.

## **Plaintiff Thomas Skladany**

46.     Plaintiff Skladany has had a relationship with attorney James Acho and CMDA for a decade, through CMDA and Acho's NFL Alumni Association legal work, and Skladany having been an NFL Alumni Association Chapter President.

47.     Plaintiff Thomas Skladany engaged the legal services of Defendant Locks Law Firm, LLC to represent him in the NFL concussion class action litigation.

48.     Plaintiff Skladany did not meet in person with Locks Law Firm, LLC at any time. One phone conversation with the extent of the "relationship" between Skladany and Locks.

49.     Upon information and belief, Defendant Locks Law Firm did <u>no</u> substantive work in furtherance of Plaintiff Skladany's individual monetary award claim under the Settlement Agreement including sending him to a neurologist or preparing a claim package.

50.     Upon information and belief, all work done on by Locks Law Firm, LLC on Plaintiff Skladany's case was done in furtherance of the NFL concussion class action litigation only.

51.     Plaintiff Skladany terminated the services of Locks Law Firm, LLC after the class action case settled and he determined that no substantive work was done on his individual monetary award claim.  Skladany then engaged Acho and CMDA to handle his individual monetary award claim under the Settlement Agreement.

52.     CMDA and Acho immediately sent Skladany to a neurologist for examination, and began working on Plaintiff's individual claim, including neuropsychologist testing and meetings with multiple doctors.

53.     Upon information and belief, all work, legal advice, and guidance as to Plaintiff Skladany's individual monetary award claim under the Settlement Agreement has been done by CMDA and not any other firm.

54.     Defendant Locks Law Firm, LLC has not yet threatened an attorney's lien against Plaintiff Skladany's individual monetary award proceeds, but may under Pennsylvania common law.

**Plaintiff Jerry Rush**

55.     Plaintiff Jerry Rush engaged the legal services of Defendant Zimmerman Reed, LLP to represent him in the NFL concussion class action litigation.

56.     Plaintiff Rush did not meet in person with anyone at Zimmerman Reed, LLP at any time.  Only one phone call between Rush and a Zimmerman Reed representative ever took place.

57.     Upon information and belief, Defendant Zimmerman Reed, LLP did no substantive work in furtherance of Plaintiff Rush's individual monetary award claim under the Settlement

Agreement including sending him to a neurologist or preparing a claims package.  Plaintiff only received "mass email updates" on occasion.

58.     Plaintiff Rush terminated the services of Zimmerman Reed, LLP after the class action settled and he determined that no substantive work was done on his individual monetary award claim.  Rush then engaged Acho and CMDA to handle his individual monetary award claim under the Settlement Agreement.

59.     Upon information and belief, all work, legal advice, and guidance as to his individual monetary award claim under the Settlement Agreement has been done by CMDA and not any other firm.

60.     Defendant Zimmerman Reed, LLP sent Plaintiff Rush a letter indicating that it would file an attorney's lien against the proceeds of any individual monetary award under the Settlement Agreement for legal services it claims it rendered to him in the NFL concussion class action litigation.

**Plaintiff Thomas Vaughn**

61.     Plaintiff Thomas Vaughn engaged the legal services of Defendant Zimmerman Reed, LLP to represent him in the NFL concussion class action litigation.

62.     Plaintiff Vaughn did not meet in person with anyone at Zimmerman Reed, LLP at any time. Only one phone call between Vaughn and a Zimmerman Reed representative took place.

63.     Upon information and belief, Defendant Zimmerman Reed, LLP did no substantive work in furtherance of Plaintiff Vaughn's individual monetary award claim under the Settlement Agreement including sending him to a neurologist or preparing a claims package.  Plaintiff only received "mass email updates" on occasion.

64.     Plaintiff Vaughn terminated the services of Zimmerman Reed, LLP when he determined that no substantive work was done on his individual monetary award claim and engaged CMDA to handle his individual monetary award claim under the Settlement Agreement.

65.     Upon information and belief, all work, legal advice, and guidance as to his individual monetary award claim under the Settlement Agreement has been done by CMDA and not any other firm.

66.     Defendant Zimmerman Reed, LLP sent a letter to Plaintiff Vaughn indicating it would file an attorney's lien against the proceeds of any individual monetary award proceeds under the Settlement Agreement for legal services it claimed it rendered to him in the NFL concussion class action litigation.

**Plaintiff Kenneth Callicutt**

67.     Plaintiff Kenneth Callicutt engaged the services of Defendant Bondurant, Mixson and Elmore, LLP and Locks Law Firm, LLC simultaneously to represent him in the NFL concussion class action litigation. Plaintiff did not intend to retain two firms, but had forgotten he had signed with two.  As it turns out, this fact was immaterial.

68.     Plaintiff Callicutt did not meet in person with anyone at Bondurant, Mixson & Elmore, LLP at any time, nor did he meet with anyone from Locks Law Firm, LLC at any time.

69.     Upon information and belief, Defendant Bondurant, Mixson & Elmore, LLP did no substantive work in furtherance of Plaintiff Callicutt's individual monetary award claim under the Settlement Agreement including sending him to a neurologist or preparing a claim package.

70.     Upon information and belief, all work done by Defendant Locks Law Firm, LLC on Plaintiff Callicutt's case was done in furtherance of the NFL concussion class action litigation only.

71.     Plaintiff Callicutt terminated the services of Bondurant, Mixson & Elmore, LLP and Locks Law Firm, LLC after the class action settled and he determined that no substantive work was done on his individual monetary award claim.  Callicutt then engaged Acho and CMDA to handle his individual monetary award claim under the Settlement Agreement. Acho immediately sent Callicutt to a neurologist and scheduled appointments with multiple doctors.

72.     Upon information and belief, all work, legal advice, and guidance as to his individual monetary award claim under the Settlement Agreement has been done by CMDA and not any other firm.

73.     On April 1, 2016, Defendant Bondurant, Mixson & Elmore, LLP filed a Notice of Attorney's Lien and Petition to Establish Attorney's Lien in the Eastern District of Pennsylvania pursuant to Georgia Statute for services it claims it rendered on behalf of Plaintiff Callicutt in the NFL concussion class action litigation.

74.     In the Petition, Defendant Bondurant, Mixson & Elmore, LLP lists services it performed on behalf of Plaintiff Callicutt, such as filing a complaint, correspondence, interviews, telephone conferences, and email updates.

75.     Upon information and belief, the efforts listed in the petition were never in furtherance of Plaintiff Callicutt's individual monetary award claim under the Settlement Agreement.  Defendants never sent Callicutt to a neurologist, never reviewed medical records, never met with him, yet now seek unjust enrichment.

**Plaintiff Eric Hipple**

76.     Plaintiff Eric Hipple has had a relationship with attorney James Acho and CMDA for a decade, through CMDA and Acho's Detroit Chapter of NFL Alumni Association legal work.

Plaintiff Hipple works with retired NFL players through the Eisenhower Center and has referred former Detroit Lions to Acho and CMDA over the years.

77.     Plaintiff Hipple engaged the services of Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. to represent him in the NFL concussion class action litigation after another law firm referred him to Defendant Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C.

78.     Plaintiff Hipple had one phone conference with the original firm that referred him to Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C.

79.     Plaintiff Hipple did not meet in person with anyone at Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. at any time and no substantive work of any kind was done on Plaintiff Hipple's behalf by anyone at Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. Plaintiff Hipple only received "mass email updates" on occasion.

80.     Upon information and belief, Defendant Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. did no substantive work in furtherance of Plaintiff Hipple's individual monetary award claim under the Settlement Agreement including sending him to a neurologist and preparing a claim package.

81.     Upon information and belief, all work done by Defendant Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. on Plaintiff Hipple's case was done in furtherance of the NFL concussion class action litigation only.

82.     Plaintiff Hipple terminated the services of Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. after the class action settled and he determined that no substantive work was done on his individual monetary award claim. Hipple then engaged Acho and CMDA to handle his individual monetary award claim under the Settlement Agreement. Acho immediately sent Hipple to a neurologist and scheduled appointments with multiple doctors.

83.     Upon information and belief, all work, legal advice, and guidance as to his individual monetary award claim under the Settlement Agreement has been done by CMDA and not any other firm.

84.     On April 21, 2016, Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. filed a Notice of Attorney's Lien and Petition to Establish Attorney's Lien in the Eastern District of Pennsylvania pursuant to Georgia Statute for services it claims it rendered on behalf of Plaintiff Hipple in the NFL concussion class action litigation.

85.     Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. expended no substantive efforts in furtherance of Plaintiff Hipple's individual monetary award claim under the Settlement Agreement. Defendant never sent Hipple to a neurologist, never reviewed medical records, never met with him, yet now seek unjust enrichment.

**Plaintiff Gale Sayers**

86.     Plaintiff Gale Sayers has known attorney James Acho for a decade, after Acho negotiated employee contracts for Sayers' old computer software company in the mid to late 2000's.

87.     Plaintiff Gale Sayers engaged the legal services of Defendant Hausfeld, LLP to represent him in the NFL concussion class action litigation after discussing same with Plaintiff Barney who had been advised by James Acho and CMDA.

88.     Plaintiff Sayers met with attorneys at Defendant Hausfeld, LLP regarding the NFL concussion class action litigation only.

89.     Plaintiff Sayers saw a neurologist during the time he was represented by Hausfeld, LLP, but this was done via his wife, Ardythe Sayers, through Jacci Barney, who had been advised and directed by family attorney James Acho and CMDA, and not at the behest of any employee or

14

agent of Hausfeld, LLP.  Acho suggested this because he knew it would be necessary to forward a future individual claim.

90.     Upon information and belief, all work done by Defendant Hausfeld, LLP on Plaintiff Sayers' case was done in furtherance of the NFL concussion class action litigation only.

91.     Plaintiff Sayers terminated the services of Hausfeld, LLP after the class action case was settled and he determined that no substantive work was done on his individual monetary award claim and same needed to be handled.  Sayers engaged Acho and CMDA to handle his individual monetary award claim under the Settlement Agreement.

92.     Upon information and belief, all work, legal advice, and guidance as to the individual monetary award claim under the Settlement Agreement has been done by CMDA and not any other firm.

93.     Defendant Hausfeld, LLP sent a letter to Plaintiff Sayers indicating that it would file an attorney's lien against the proceeds of any individual monetary award under the Settlement Agreement for legal services it claims it rendered to him to represent him in the NFL concussion class action litigation.

**Plaintiff Lem Barney**

94.     Plaintiff Lem Barney has been represented by James Acho and CMDA for 15 years. Plaintiff Barney has received legal direction during this time by Acho and CMDA.  Acho and CMDA advised Plaintiff Barney to sign with Defendant Hausfeld for purposes of forwarding the concussion class action.  Acho and Barney have communicated on a weekly basis for nearly 20 years, mostly in the context of attorney-client relationship, the last 15 years.

95.     Plaintiff Lem Barney engaged the legal services of Defendant Hausfeld, LLP to represent him in the NFL concussion class action litigation, with Acho and CMDA's blessing.

96.     Plaintiff Barney met in person with attorneys at Defendant Hausfeld, LLP regarding the NFL concussion class action litigation only.

97.     Plaintiff Barney saw a neurologist during the time he was represented by Hausfeld, LLP, but this was done via his wife, Jacci Barney, at the suggestion and direction of James Acho and CMDA, and not at the behest of any employee or agent from Hausfeld, LLP.  CMDA knew this would be necessary to forward an individual claim.

98.     Upon information and belief, all work done by Hausfeld, LLP on Plaintiff Barney's case was done in furtherance of the NFL concussion class action litigation only and <u>not</u> Plaintiff Barney's <u>individual claim</u> for a monetary award under the Settlement Agreement. All work toward the individual claim and all legal direction in this regard was done by CMDA and James Acho.

99.     Plaintiff Barney finally terminated the services of Hausfeld, LLP after the class action was settled and because his part in the class action was over and he determined that no substantive work was done on his individual monetary award claim and same needed to be handled. He engaged Acho and CMDA to handle his individual monetary award claim under the Settlement Agreement, since CMDA had provided legal work and direction in this regard.

100.    Upon information and belief, all work, legal advice, and guidance as to the <u>individual</u> monetary award claim under the Settlement Agreement has been done by CMDA and not any other firm.

101.    After Plaintiff Barney terminated Defendant Hausfeld, LLP's services, it sent a letter to Plaintiff Barney indicating that it would file an attorney's lien against the proceeds of any individual monetary award under the Settlement Agreement for legal services it claims it rendered to him to represent him in the NFL concussion class action litigation.

## CLAIMS FOR RELIEF

### COUNT I

### Declaratory Judgment of Attorney Lien by Defendant Hausfeld, LLP Against Plaintiff Lem Barney's Individual Monetary Award Proceeds Under the Settlement Agreement

102.     Defendant Hausfeld, LLP's efforts on behalf of Plaintiff Barney were expended for the NFL concussion class action litigation only.

103.     Upon information and belief, all work, advice, and guidance in furtherance of Plaintiff Barney's individual claim for a monetary award under the Settlement Agreement was done by CMDA and not any other law firm.

104.     Defendant Hausfeld, LLP has threatened to assert a lien against Plaintiff Barney's monetary award proceeds under the Settlement Agreement for services it claims it rendered to Plaintiff for the NFL concussion class action litigation.

105.     An actual, present, and justiciable controversy has arisen between Plaintiff Barney and Defendant Hausfeld, LLP concerning the validity of an attorney's lien on Plaintiff Barney's individual monetary award proceeds under the Settlement Agreement.

106.     Plaintiff Barney seeks declaratory judgment from this Court determining the rights of the parties with respect to a lien asserted by Defendant Hausfeld, LLP against the proceeds of his individual monetary award under the Settlement Agreement.

### COUNT II

### Declaratory Judgment of Attorney Lien by Defendant Hausfeld, LLP Against Plaintiff Gale Sayers' Individual Monetary Award Proceeds Under the Settlement Agreement

107.     Defendant Hausfeld, LLP's efforts on behalf of Plaintiff Sayers were expended for the NFL concussion class action litigation only.

17

108.     Upon information and belief, all work, advice, and guidance in furtherance of Plaintiff Sayers' individual claim for a monetary award under the Settlement Agreement was done by CMDA and not any other law firm.

109.     Defendant Hausfeld, LLP has threatened to assert a lien against Plaintiff Sayers' monetary award proceeds under the Settlement Agreement for legal services it claims it rendered to him in the NFL concussion class action litigation.

110.     An actual, present, and justiciable controversy has arisen between Plaintiff Sayers and Defendant Hausfeld, LLP concerning the validity of an attorney's lien on Plaintiff Sayers' individual monetary award proceeds under the Settlement Agreement.

111.     Plaintiff Sayers seeks declaratory judgment from this Court determining the rights of the parties with respect to a lien asserted by Defendant Hausfeld, LLP against the proceeds of his individual monetary award under the Settlement Agreement.

## COUNT III

### Declaratory Judgment of Attorney Lien by Defendant Locks Law Firm, LLC Against Plaintiff Thomas Skladany's Individual Monetary Award Proceeds Under the Settlement Agreement

112.     Defendant Locks Law Firm, LLC's efforts on behalf of Plaintiff Skladany were expended for the NFL concussion class action litigation only.

113.     Upon information and belief, all work, advice, and guidance in furtherance of Plaintiff Skladany's individual claim for a Monetary Award under the Settlement Agreement was done by CMDA and not any other law firm.

114.    Defendant Locks Law Firm, LLC may attempt to assert a lien against Plaintiff Skladany's monetary award proceeds under the Settlement Agreement for legal services it claims it rendered to him in the NFL concussion class action litigation.

115.    An actual, present, and justiciable controversy has arisen between Plaintiff Skladany and Defendant Locks Law Firm, LLC concerning the validity of an attorney's lien on Plaintiff Skladany's individual monetary award proceeds under the Settlement Agreement.

116.    Plaintiff Skladany seeks declaratory judgment from this Court determining the rights of the parties with respect to a possible lien asserted by Defendant Locks Law Firm, LLC against the proceeds of his individual monetary award under the Settlement Agreement.

### COUNT IV

### Declaratory Judgment of Attorney Lien by Defendant Zimmerman Reed, LLP Against Plaintiff Thomas Vaughn's Individual Monetary Award Proceeds Under the Settlement Agreement

117.    Defendant Zimmerman Reed, LLP's efforts on behalf of Plaintiff Vaughn were expended for NFL concussion class action litigation only.

118.    Upon information and belief, all work, advice, and guidance in furtherance of Plaintiff Vaughn's individual claim for a monetary award under the Settlement Agreement was done by CMDA and not any other law firm.

119.    Defendant Zimmerman Reed, LLP has threatened to assert a lien against Plaintiff Vaughn's monetary award proceeds under the Settlement Agreement for legal services it claims it rendered to him in the NFL concussion class action litigation.

120.    An actual, present, and justiciable controversy has arisen between Plaintiff Vaughn and Defendant Zimmerman Reed, LLP concerning the validity of an attorney's lien on individual monetary award proceeds under the Settlement Agreement.

121.    Plaintiff Barney seeks declaratory judgment from this Court determining the rights of the parties with respect to an attorney's lien asserted by Defendant Zimmerman Reed, LLP against the proceeds of Plaintiff Vaughn's individual monetary award under the Settlement Agreement.

## COUNT V

### Declaratory Judgment of Attorney Lien by Defendant Zimmerman Reed, LLP Against Plaintiff Jerry Rush's Individual Monetary Award Proceeds Under the Settlement Agreement

122.    Defendant Zimmerman Reed, LLP's efforts on behalf of Plaintiff Rush were expended for the NFL concussion class action litigation only.

123.    Upon information and belief, all work, advice, and guidance in furtherance of Plaintiff Rush's individual claim for a monetary award under the Settlement Agreement as done by CMDA and not any other law firm.

124.    Defendant Zimmerman Reed, LLP has threatened to assert a lien against Plaintiff Rush's monetary award under the Settlement Agreement for legal services it claims it rendered to Plaintiff in the NFL concussion class action litigation.

125.    An actual, present, and justiciable controversy has arisen between Plaintiff Rush and Defendant Zimmerman Reed, LLP concerning the validity of an attorney's lien on Plaintiff Vaughn's individual monetary award proceeds under the Settlement Agreement.

126.    Plaintiff Rush seeks declaratory judgment from this Court determining the rights of the parties with respect to an attorney's lien against the proceeds of Plaintiff Rush's individual monetary award under the Settlement Agreement.

**COUNT VI**

**Declaratory Judgment of Attorney Lien by Defendant Bondurant, Mixson & Elmore, LLP Against Plaintiff Kenneth Callicutt's Individual Monetary Award Proceeds Under the Settlement Agreement**

127.    Defendant Bondurant, Mixson & Elmore, LLP's efforts on behalf of Plaintiff Callicutt were expended for the NFL concussion class action litigation only.

128.    Upon information and belief, all work, advice, and guidance in furtherance of Plaintiff Callicutt's individual claim for a monetary award under the Settlement Agreement was done by CMDA and not any other law firm.

129.    Defendant Bondurant, Mixson & Elmore, LLP filed a Notice and Petition of Attorney's Lien with the Eastern District of Pennsylvania on the sums derived from settlement in the NFL concussion litigation.

130.    An actual, present, and justiciable controversy has arisen between Plaintiff Callicutt and Defendant Bondurant, Mixson & Elmore, LLP concerning the validity of an attorney's lien on Plaintiff Callicutt's individual monetary award proceeds under the Settlement Agreement.

131.    Plaintiff Callicutt seeks declaratory judgment from this Court determining the right of the parties with respect to an attorney's lien against Plaintiff Callicutt's individual monetary award proceeds under the Settlement Agreement.

**COUNT VII**

**Declaratory Judgment of Attorney Lien by Defendant Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. Against Plaintiff Eric Hipple's Individual Monetary Award Proceeds Under the Settlement Agreement**

132.    Defendant Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C.'s efforts on behalf of Plaintiff Hipple were expended for the NFL concussion class litigation only.

133.   Upon information and belief, all work, advice, and guidance in furtherance of Plaintiff Hipple's individual claim for a monetary award under the Settlement Agreement was done by CMDA and not any other law firm.

134.   Defendant Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. filed a Notice and Petition of Attorney's Lien with the Eastern District of Pennsylvania on the sums derived from settlement in the NFL concussion litigation.

135.   An actual, present and justiciable controversy has arisen between Plaintiff Hipple and Defendant Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. concerning the validity of an attorney's lien on Plaintiff Hipple's individual monetary award proceeds under the Settlement Agreement.

136.   Plaintiff Hipple seeks declaratory judgment from this Court determining the right of the parties with respect to an attorney's lien against Plaintiff Hipple's individual monetary award proceeds under the Settlement Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

a.   Declare the rights of the parties regarding an attorney's lien asserted by Defendant Hausfeld, LLP against Plaintiff Barney's individual monetary award under the Settlement Agreement and that Hausfeld, LLP is not entitled to a lien against any recovery on Plaintiff Barney's individual recovery on his forthcoming claim to be filed by CMDA under the Settlement Agreement;

b.   Declare the rights of the parties regarding an attorney's lien asserted by Defendant Hausfeld, LLP against Plaintiff Sayers' individual monetary award under the Settlement Agreement and that Hausfeld, LLP is not entitled to a lien against any recovery on Plaintiff Sayers'

individual recovery on his forthcoming claim to be filed by CMDA under the Settlement Agreement;

   c.  Declare the rights of the parties regarding an attorney's lien that may be asserted by Defendant Locks Law Firm, LLC against Plaintiff Skladany's individual monetary award under the Settlement Agreement and that Locks Law Firm, LLC is not entitled to a lien against any recovery on Plaintiff Skladany's individual recovery on his forthcoming claim to be filed by CMDA under the settlement agreement;

   d.  Declare the rights of the parties regarding an attorney's that may be asserted by Defendant Zimmerman Reed, LLP against Plaintiff Vaughn's individual monetary award under the Settlement Agreement and that Zimmerman Reed, LLP is not entitled to a lien against any recovery on Plaintiff Vaughn's individual recovery on his forthcoming claim to be filed by CMDA under the settlement agreement;

   e.  Declare the rights of the parties regarding an attorney's lien that may be asserted by Defendant Zimmerman Reed, LLP against Plaintiff Rush's individual monetary award under the Settlement Agreement and that Zimmerman Reed, LLP, is not entitled to a lien against any recovery on Plaintiff Rush's individual recovery on his forthcoming claim to be filed by CMDA under the settlement agreement;

   f.  Declare the rights of the parties regarding an attorney's lien asserted by Defendant Bondurant, Mixson & Elmore, LLP against Plaintiff Callicutt's individual monetary award under the Settlement Agreement and that neither Locks law Firm nor Bondurant, Mixson & Elmore, LLP are not entitled to a lien against any recovery on Plaintiff Callicutt's individual recovery on his forthcoming claim to be filed by CMDA under the settlement agreement;

g.      Declare the right of the parties regarding an attorney's lien asserted by Defendant Pope, McGlamry, Kilpatrick, Morrison & Norwood, P.C. against Plaintiff Hipple's individual monetary award under the Settlement Agreement;

h.      Award Plaintiff's their reasonable attorney's fees and costs in this action;

i.      Award Plaintiffs such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: _____

ARTHUR D. GOLDMAN (56983)
SHAWN M. RODGERS (307598)
Law Offices of Arthur Goldman LLC
1800 E. Lancaster Avenue, Suite M
P.O. Box 115
Paoli, PA  19301

Dated: April 26, 2016

L:\jar - Jen Richards\NFL Concussion Settlement\Complt_Dec Action - FINAL.docx


# VERIFIED STATEMENTS UNDER
# OATH ATTACHED HERETO

24

## VERIFIED STATEMENT UNDER OATH

I have read the foregoing and I verify that all of the allegations contained in this action are true, so help me God.

Lemuel Barney

Subscribed and sworn to before me this
22nd day of April _____ 2016

Notary Public

Orange County, State of Virginia
My Commission Expires: 3/31/19
Acting in Orange County

RICHARD D. HICKS
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MAR. 31, 2019
COMMISSION # 7857684

## VERIFIED STATEMENT UNDER OATH

I have read the foregoing and I verify that all of the allegations contained in this action are true, so help me God.

_Gale Sayers_
Gale Sayers

JoANNA VITALE
Notary Public
State of Indiana
My Commission Expires
March 4, 2023

Subscribed and sworn to before me this
21st day of April 2016

Notary Public
LaPorte County, State of Indiana
My Commission Expires: 3/4/2023
Acting in Elkhart County

VERIFIED STATEMENT UNDER OATH

I have read the foregoing and I verify that all of the allegations contained in this action are true, so help me God.

_____
Thomas Skladany

Subscribed and sworn to before me this
__21__ day of __April__ _____ 2016

_____
Notary Public

__Franklin__ County, State of __Ohio__
My Commission Expires: __9-28-19__
Acting in __Delaware__ _____ County

**Laureen C. Wood**
NOTARY PUBLIC
STATE OF OHIO
My commission expires
September 28th, 2019

## VERIFIED STATEMENT UNDER OATH

I have read the foregoing and I verify that all of the allegations contained in this action are true, so help me God.

_____
Jerry Rush


Subscribed and sworn to before me this

_____ day of _____ 2016

_____
Notary Public

_____ County, State of _____

My Commission Expires: _____

Acting in _____ County


VALERIE MORRIS
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires March 16, 2020
Acting In the County of _____

## VERIFIED STATEMENT UNDER OATH

I have read the foregoing and I verify that all of the allegations contained in this action are true, so help me God.

_Kenneth Callicutt_

Subscribed and sworn to before me this
22nd day of _April_ 2016

_____
Notary Public
_Wayne_ County, State of _Michigan_
My Commission Expires: _6/26/2022_
Acting in _Oakland_ County

Michael Andrew Pulliam
NOTARY PUBLIC
COUNTY OF Wayne
My Comm. Expires 06/26/2022
Acting in the County of
_Oakland_
STATE OF MICHIGAN